Paul Zebrowski
ZEBROWSKI LAW
14362 N. Frank Lloyd Wright Blvd., Suite 1000
Scottsdale, AZ 85260
Telephone: (480) 428-8181
Fax: (586) 566-6898
paul@zebrowskilaw.com

*Counsel for Plaintiff Bryan Barten*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Barten, a married man, | No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Insurance Bad Faith)** |
| State Farm Mutual Automobile Insurance Company, a foreign corporation licensed and doing business in Arizona, | **JURY DEMAND** |
| Defendant. | |

Plaintiff Bryan Barten alleges as follows:

### **PARTIES**

1.  Plaintiff Bryan Barten is a resident of the city of Tucson, county of Pima, state of Arizona.

2.  Defendant State Farm Mutual Automobile Insurance Company is incorporated in the state of Illinois, has its principal place of business in the state of Illinois, is licensed to conduct the business of insurance in the state of Arizona, and does conduct the business of insurance in the city of Tucson, county of Pima, state of Arizona, including conduct toward and regarding Plaintiff, his providers, and his claim.

/ /

/ /

## JURISDICTION

3. All or a substantial part of the events, acts, or omissions giving rise to Plaintiff's claims occurred in Tucson, Arizona.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because this matter is between citizens of different states and because the amount in controversy exceeds $75,000 exclusive of interest and costs.

## STATEMENT OF FACTS

5. This is the second time Mr. Barten has had to file suit against his own insurer, State Farm.

6. Mr. Barten was rendered a quadriplegic on April 21, 1995, as a passenger in an automobile accident in Lansing, Michigan.

7. At the time of his injury, Mr. Barten was covered under an automobile insurance policy that included personal injury protection (PIP) coverage. The policy was purchased by Mr. Barten, issued by State Farm, and covered Mr. Barten. State Farm has a copy of the policy.

8. Under the policy, and of relevance here, State Farm was and is obliged to pay all reasonable charges for reasonably necessary products and services for Mr. Barten's care, recovery, or rehabilitation.

9. Mr. Barten originally resided in Michigan after the accident for a short time, but moved to Arizona because of the difficulties that winter weather presented for Mr. Barten's health, well-being, and mobility. Mr. Barten has resided in Tucson ever since, for approximately twenty years.

10. Since the accident, Mr. Barten has had various needs as a result of his accident-related injuries, including his need for attendant care, physical therapy, and various medically necessary assistive devices.

11. Previously, State Farm refused to pay certain benefits, denied benefits, and made misrepresentations to Mr. Barten regarding the benefits he was owed, among other

acts of bad faith. Mr. Barten previously filed suit for breach of contract and insurance bad faith.

12. Since after the prior case resolved, State Farm has reverted to its old bad faith ways and has added insults to injury. Despite having sufficient information in its claim file to pay Mr. Barten's claims for attendant care and equipment, for example, State Farm ignored that information, made Mr. Barten jump through needless adversarial hoops, asked for repetitive information, and grossly underpaid the benefit, among other things.

13. When Mr. Barten made phone calls and sent emails to various claims adjusters, team managers, and section managers, many of the calls were ignored by State Farm.

14. Because of State Farm's refusal to pay for some necessary and crucial benefits, Mr. Barten has had to pay out of pocket and State Farm required information beyond reasonable proof of loss before paying for items covered by the policy, and failed to provide requisite adequate explanations based in the policy and the fact for State Farm's decision(s), among other things.

15. After the first lawsuit, Mr. Barten expected that he would have peace of mind and that State Farm would not re-engage in the kinds of behavior that occurred previously.

16. State Farm's conduct, acts, and omissions have undermined the security and peace of mind that Mr. Barten had and expected and has brought back to him his past when he was denied benefits and when State Farm made misrepresentations to him and the resulting suffering which he endured.

17. State Farm left Mr. Barten with no choice by to file this lawsuit in an effort to rectify State Farm's improper conduct.

//
//
//

## COUNT I

### Insurance Bad Faith

18. Mr. Barten incorporates all other allegations of the complaint as if fully set forth here.

19. State Farm owes its insureds, including Mr. Barten, duties of good faith and fair dealing. Those duties include prompt communication, full and fair explanations, prompt and reasonable investigation, truthful communication, avoidance of unnecessary and repetitive requests, hoops, and requirements, among others.

20. State Farm committed bad faith and breached its implied covenant of good faith and fair dealing by failing to pay benefits without a reasonable basis and through its acts and/or omissions, including but not limited to:

    a. Failing to reasonably investigate Mr. Barten's claim and need for benefits;

    b. Failing to provide a reasonable explanation of the benefits due available under the policy and reasons for its failure to pay benefits;

    c. Failing to protect its insured from harm caused by its delays in and refusal to pay benefits;

    d. Forcing Plaintiff through unnecessary claims hurdles intended to discourage Plaintiff from obtaining benefits owed under the policy:

    e. Ignoring information it already had that provided reasonable proof of loss and forcing Mr. Barten to obtain unnecessary, repetitive documentation;

    f. Failing to pay all reasonably necessary benefits and amounts without justification;

    g. Placing its own interests above those of its insured;

    h. Engaging in insulting and rude behavior towards Mr. Barten;

    i. Engaging in unnecessary and unreasonable delay in investigation of the claim, in communication, and in payment, among other things;

    j. Failing to communicate promptly and truthfully;

   k. Implementing various financial incentives, tools, and programs that motivate or entice or threaten claims personnel to deny, underpay, or delay claims, or engage in other actions or inactions that fall below minimal good faith claims handling standards, including but not limited to a Management Incentive Plan (MIP), and an Enterprise Incentive Plan (EIP) with its various components, Plan Objectives, Performance Period, Performance Standards, Scorecard Performance Management, and Annual Award Calculations, implemented for the purpose of incentivizing paying less on claims.

  19. Given its past conduct and history in dealing with Mr. Barten, as well as its corporate policies and practices and the nature of the conduct in this case, State Farm's conduct, acts, and omissions were intentional or motivated by spite or ill-will, or State Farm acted to serve his own interests, disregarding the substantial risk that its conduct might significantly injure the rights of Mr. Barten, or consciously pursued its course of conduct knowing that it created a substantial risk of significant harm to Mr. Barten.

  20. As a direct and proximate result of State Farm's acts, conduct, and omissions, Mr. Barten was injured.

  WHEREFORE, as a result of State Farm's conduct, acts, and omissions, Mr. Barten seeks entry of Judgment against State Farm for:

   a. General damages including but not limited to, for pain and suffering, mental and emotional distress and anxiety, and unpaid policy benefits;

   b. Punitive damages in an amount appropriate to punish and set an example of State Farm, and to discourage such conduct against other insureds;

   c. Costs and reasonable attorneys' fees as allowed by law; and

   d. Other and further relief as the Court deems just and proper.

DATED this 12th day of June, 2023.

        Respectfully submitted,

         s/Paul Zebrowski

Paul Zebrowski
14362 N. Frank Lloyd Wright Blvd., Suite 1000
Scottsdale, Arizona 85260
Telephone: (480) 428-8181
Fax: (586) 566-6898
paul@zebrowskilaw.com

*Counsel for Plaintiff Bryan Barten*

## JURY DEMAND

Plaintiff hereby demands a jury trial of all issues so triable.

DATED this 12th day of June, 2023.

                                                  Respectfully submitted,

                                                  s/Paul Zebrowski
                                                  Paul Zebrowski
                                                  14362 N. Frank Lloyd Wright Blvd., Suite 1000
                                                  Scottsdale, Arizona 85260
                                                  Telephone: (480) 428-8181
                                                  Fax: (586) 566-6898
                                                  paul@zebrowskilaw.com

                                                  *Counsel for Plaintiff Bryan Barten*